IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**GEORGE ANDREW GRIFFITH,**

    **Plaintiff,**

vs.	Case No. 4:19cv12-MW/CAS

**TALLAHASSEE POLICE DEPT.,**
**et al.,**

    **Defendants.**
_____/

### REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated a civil rights case in this Court in early January 2019. Plaintiff submitted a complaint, ECF No. 1, a signed Prisoner Consent Form, ECF No. 2, and an incomplete motion for in forma pauperis status, ECF No. 4. Because the motion was insufficient, Plaintiff was required to file an amended motion. ECF No. 5. He was specifically informed that he must provide the Court with account statements showing a full six month period of time. *Id.*

Thereafter, Plaintiff filed a response, ECF No. 6, which was construed as a motion for additional time. So construed, Plaintiff's request was granted and Plaintiff was given until **March 8, 2019**, in which to

comply. ECF No. 7. Plaintiff was required to file an amended in forma pauperis motion or, in the alternative, pay the filing fee for this case. *Id.* Plaintiff was warned that if he did not comply, a recommendation would be made to dismiss this case.

As of this date, Plaintiff has not complied. Moreover, the Order, ECF No. 7, was returned to the Court as undeliverable. ECF No. 8. The Clerk's Office was able to locate another address for Plaintiff and the Order was remailed to Plaintiff. *Id.* That Order has not been returned to the Court as undeliverable, by Plaintiff has still not complied.

The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. A "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." Equity Lifestyle Properties, Inc. v. Fla. Mowing And Landscape Serv., Inc.,

556 F.3d 1232, 1240 (11th Cir. 2009).  Because Plaintiff has failed to prosecute this case, dismissal is now appropriate.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on March 14, 2019.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**